OPINION of the Court, by
Ch. J. Boyie.
This was an action of covenant for the payment of g 496, in money or negroes, on a day therein specified.
The defendant picad, in substance, that at his usual place of residence, cn the day in the covenant mention-■ ed, at the uttermost convenient part of the day, to wit, about the setting of the sún, he caused to be valued by two disinterested and honest men, one negro man slave, the property of said defendant: that said valuers then and there valued said negro to the sum of g 496, and that the said slave was then and there offered and tendered in discharge of said covenant; but that the said plaintiff did not, nor did any person for him, attend to receive said negro, &c.
To this plea the plaintiff replied, that the defendant did not tender to said plaintiff a negro or negroes, on the day and at the place in the covenant specified, according to the tenor thereof. The defendant demurred to the replication, and on argument the court below overruled the demurrer. Whereupon a writ of inquiry was awarded, and for the damages assessed by the jury a judgment was given; from which the defendant appealed to this court.
The errors assigned question the correctness of the decision of the equrt below upon the demurrer.
The replication is perhaps liable to some objections. Whether, however, they would have been considered fatal, if the pleá liad been good, is not deemed material to he decided, since we are clearly of opinion the plea is substantially had; and as the demurrer to the replica- *98 t!on brings before tbs court tbe whole of tbe pleadings, as ""ft 011 the- part of the defendant as of the plaintiff, unless the plea were good, however defective the repli* cation may be, the defendant cannot be entitled to a judgment in his favor on the demurrer.
The plea is evidently objectionable or. several grounds. 1st. In alleging a tender of one negro only, whereas by the covenant t’ae amount stipulated to he paid could only be discharged by the payment of money or negroes. Tbe defendant, under the terms of the covenant, no doubt bad his election to pay either money or negroes ; but in case of his choosing the latter alternative, as the Covenant requires the payment to be made in negroes, in the plural number, the plaintiff could not he compelled to receive one only. The tender, therefore, of a single negro, though of value equal to the amount to be paid, could not discharge the covenant.
2d. The plea is defective in not alleging with more certainty the time of day when the tender was made. The uttermost convenient time before sunset of the day appointed for the payment, is indeed the time when the law requires the tender to be made j but what is convenient time, is matter of law to be judged of by the court $ and tbe length of time before sunset should therefore be alleged, that it might be seen whether the time was convenient or not.(a) But in this case this is not done ; ⅛ n°t ever‘ alleged that the tender was made before sunset. It is indeed averred under a scilicet that it was about sunset; but that may be after, as well as before sunset. And it is clear that a tender alter sunset, in the absence of the credit . r, is not good.
3d. The plea is-defective in not averring the value of the negi’o tendered. There can be no question that in a case of tins kino, tbe value of the thing tendered is a traversable fact: for if it were not of the' value which would discharge the demand, the tender could not ba good. It ought therefore to be directly and positively averred, so that issue might be taken upon it. Tha averment in this case that the negro tendered was valued at g 496, by two men selected by the defendant, is certainly not of that character. They may have so valued him, and yet he might not be worth that sum. But whether he was or not, the plaintiff most indisputably could not be concluded; and their valuation, and consequently the averment, whether true or not, is wholly Inmaterial. — Judgment affirmed with costs and damages.

 Accord vol. 2, Fouitt vs. Wagnon, 269 - Colyer vs. Hutchings, 405.